UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| JONATHAN VERDUGO, | ) | Case No.: 1:25-CV-01438 |
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| KRISTI NOEM, SECRETARY, | ) |  |
| U.S. DEPARTMENT OF HOMELAND | ) |  |
| SECURITY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) | Date Action Filed: May 12, 2025 |

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Jonathan Verdugo ("Complainant"), by and through his undersigned counsel, and brings this action for damages against the Defendant, Kristi Noem, as Secretary of the U.S. Department of Homeland Security ("DHS" or "Agency"), and alleges as follows:

SUMMARY OF THE ACTION

1.  This is a civil rights action brought by a disabled Federal Emergency Management Agency ("FEMA") employee who sustained workplace injuries to his back and neck in February 2022, which was accepted by the Office of Worker's Compensation Program ("OWCP").

2.  The Plaintiff is now disabled, with the major life activity of sitting being substantially limited.

3.  At issue in a related previous complaint, the Plaintiff requested a reasonable accommodation on December 6, 2022.

4.      The Plaintiff has a previous Equal Employment Opportunity ("EEO") complaint in which the sole issue is, "Whether Complainant, a Program Delivery Manager (Reservist), in Norwalk, California, was discriminated against on the bases of disability and reprisal (prior EEO activity) when, from December 6, 2022, until present, management denied Complainant a reasonable accommodation, including an ergonomic chair."

5.      On April 1, 2024, the Agency's Office for Civil Rights and Civil Liberties ("CRCL") issued a Final Agency Decision ("FAD") as to the merits of the Plaintiff's failure to accommodate claim, finding that "Complainant proved by a preponderance of the evidence that the Federal Emergency Management Agency [] discriminated against him based on his disability when it failed to accommodate him as required by the Rehabilitation Act."

6.      Though the Agency now claims to have granted the Plaintiff with a reasonable accommodation, the Plaintiff remains unaccommodated.

7.      At issue in this suit is whether FEMA subjected Plaintiff to discrimination, including harassment, on the bases of race/national origin (Hispanic/Mexican American), color (brown), religion (Christian), disability, and in reprisal for prior EEO activity when:

    i.      On or around October 3, 2023, management denied Complainant's request for holiday leave;

    ii.     On October 20, 2023, management directed Complainant to work in an environment without running water and working toilets;

    iii.    On or about October 20, 2023, management altered statements about Complainant's reasonable accommodation and denied his reasonable accommodation;

    iv.     In or around November 2023, management treated Complainant differently and assigned Complainant to work in two different locations greater than 50 miles apart;

    v.      On or about December 6, 2023, management denied Complainant's request

for a non-rotation assignment.

   vi.  On or about July 31, 2024, and on-going, Complainant was disparately impacted when he was unable to attend an in-person doctor's appointment while on deployment.

  8.  As a result of this intentional discrimination and retaliation, Mr. Verdugo is seeking all available remedies, including back pay and benefits, and other compensatory damages including non-pecuniary damages, as well as his attorney's fees and expenses.

<u>JURY TRIAL DEMAND</u>

  9.  Under Fed. R. Civ. P. 38 (b), Plaintiff hereby demand trial by jury on all issues triable to a jury.

<u>JURISDICTION</u>

  10.  This action arises under Sections 501 and 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This Court has proper subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§ 1341 (federal question) and 1343 (civil rights).

<u>PARTIES AND VENUE</u>

  11.  Plaintiff, Jonathan Verdugo, is a citizen of the United States and is a resident of Los Angeles County, California. Plaintiff is an employee of the Agency, employed as a Emergency Management Specialist/Program Delivery Manager, IM2.

  12.  At all relevant times, Plaintiff was considered a Headquarters ("HQ") asset, in Washington, DC, with his work address based on the temporary duty stations to which he was assigned during federal deployments.

  13.  Plaintiff is informed and believes, and alleges that at all times relevant herein,

COMPLAINT

Agency/Defendant was responsible in some manner for the occurrences, offenses, and injuries alleged in this complaint. Plaintiff will further amend this Complaint, if needed, to show or correct for true names and capacities, and facts, when the same have been ascertained.

14.     All of Plaintiff's claims arise under Federal Law.

15.     Plaintiff has exhausted the required administrative remedies per the Final Agency Decision dated February 10, 2025.  Pursuant to 29 C.F.R. §1614.407(b),  Plaintiff is authorized to file this civil action in an appropriate U.S. District Court.

16.     Defendant, Kristi Noem, is sued in his official capacity as the current Secretary of the U.S. Department of Homeland Security, an agency of the United States, and Plaintiff's employer.

17.     Venue is proper in the United States District Court for the District of Columbia, and Defendant is subject to the personal jurisdiction of the United States District Court for the District of Columbia  because  Defendant maintains facilities and business operations in this District. 28 U.S.C. § 1391(b) and (e); 42 U.S.C. § 2000e-5(f).

18.     Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3), as Plaintiff is a HQ asset employed by the Agency in the District of Columbia, and plaintiff's employment records are maintained by the Agency  in this judicial district.

## FACTUAL ALLEGATIONS

19.     Plaintiff's first-level supervisor was a Program Delivery Manager/Taskforce Leader (S1), whose work address was listed as HQ.

20.     Plaintiff's second-level supervisor was a Public Assistance Group Supervisor (S2), whose work address also was listed as HQ.

21.     S1 (Black/African American, brown, Baptist) acknowledged that she was aware of Plaintiff's race, national origin, color, religion, and prior EEO activity. She stated she was aware that Plaintiff had a reasonable accommodation but did not know what his disability was.

22.     S2 (Caucasian, United States, white, Christian) responded that he was aware of Plaintiff's color and prior EEO activity and was aware that Plaintiff had a disability but was not aware of his race, national origin, or religion.

23.     On or around October 3, 2023, management denied Plaintiff's request for holiday leave. Plaintiff requested but was denied the right to celebrate the Christmas holiday on December 25, 2023, in his home state of California while he was deployed to disasters in Florida.

24.     On November 28, 2023, the Plaintiff informed a FEMA Safety Manager there were problems at the Perry, Florida site where he and other employees were assigned to work. He described trailers with no running water and broken toilets and stated the building was not closed off from public.

25.     The Safety Manager responded that the safety crew was looking into the situation.

26.     Plaintiff asserts that, in contrast, upper management staff appeared to be working at FEMA's Branch Office in Gainesville, Florida, which was a secure building, with security staff, access to running water, and working toilets.

27.     Plaintiff asserted that a receipt for his laptop, which had special software installed as an accommodation for a disability, was altered by management. He stated that the information showing he had a "reasonable accommodation letter for [the] laptop to be retained" was removed.

28.     Plaintiff was to be provided a sit-to-stand desk for both work locations, the primary work location at the trailer and the alternative work station at the hotel. He was not provided with his accommodation and instead bought his own desk.

29.     Though the Plaintiff eventually received a sit-to-stand desk, no required ergonomic assessment was completed.

30.     Plaintiff was forced to travel from the hotel in Tallahassee to the office trailer located in Perry, which are 53.2 miles apart. The Complainant's doctor's note mandated that he should have "limited driving time."

31.     On or about December 6, 2023, management denied Plaintiff's request for a non-rotation assignment from December 22 through December 25, 2023.

32.     Plaintiff sustained a work-related injury in February 2022.  On July 31, 2023, he requested a non-rotation to return to California, his home state, to see his physician as follow-up for care.  FEMA does not have a policy to address non-rotations for medical purposes, which disparately impacts individuals with a disability who would need to seek medical treatment for their disability.

COUNT No. 1

**Violations of the REHABILITATION ACT OF 1973**
**29 U.S.C. §701 et. seq.**
**(Disability Discrimination)**

32.     The allegations in paragraphs 1-32 are realleged as if set forth fully herein.

33.     Defendant, an Agency of the Federal Government, is subject to the Rehabilitation Act of 1973, 29 U.S.C. §701 et seq., under sections 501 and 504.

34.     Section 501 of the Rehabilitation Act prohibits federal executive branch agencies from  discriminating against people with disabilities in any employment practices, including hiring,  promotions, training, firing, pay, or benefits. 29 U.S.C. § 791.

35.     Plaintiff is a disabled person whose physical impairments substantially limits his major  life activities.

36.     Plaintiff was otherwise qualified for the position he held while on deployment.

37.     Defendant knew of Plaintiff's disabilities based on the Plaintiff's previous request for a reasonable accommodation.

38.     Pursuant to 29 U.S.C. § 791(f) and 42 U.S.C. § 12203(a), Defendant has violated Section  501 of the Rehabilitation Act by:

a.     Failing to provide effective reasonable accommodations for Plaintiff;

b.      failing to engage in interactive discussions as part of Plaintiff's reasonable accommodation requests;

c.      unduly delaying the processing of Plaintiff's RA requests;

d.      treating Plaintiff overly critically as compared to other employees to the point of harassment, creating a hostile and abusive work environment for him based on his requests for RAs;

39.     As a direct and proximate result of Defendant's violations of Section 501 of the Rehabilitation Act, Plaintiff, Mr. Verdugo has been damaged. Such damages include, but are not limited to loss of pay; loss of benefits; past and future medical costs and expenses; payment of attorneys' fees and legal costs; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

40.     Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff prays for relief as set forth below.

COUNT NO. 2

**Violations of the REHABILITATION ACT OF 1973**
**29 U.S.C. §701 et. seq.**
**(Failure to Accommodate)**

41.     The allegations in paragraphs 1-32 are realleged as if set forth fully herein.

42.     Plaintiff notified his employer of his disabilities and requested accommodations on multiple occasions.

43.     Plaintiff was provided multiple inadequate accommodations in response to his multiple requests for RAs with respect to his disabilities.

44.     As a direct and proximate result of Defendant's violations of Section 501 of the Rehabilitation Act, Plaintiff, Mr. Verdugo has been damaged. Such damages include, but are not

limited to loss of pay; loss of benefits; past and future medical costs and expenses; payment of attorneys' fees and legal costs; loss of career and professional opportunities; harm to professional reputation; and humiliation, anxiety, degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

45.    Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff prays for relief as set forth below.

COUNT NO. 4

RETALIATION IN VIOLATION OF TITLE
VII

**42 U.S.C. §§ 2000e, et seq.**
**(Discrimination and Hostile Work**
**Environment)**

46.    The allegations in paragraphs 1-32 are realleged as if set forth fully herein.

47.    Section 504 of the Rehabilitation Act of 1973 prohibit discrimination based on an individual's race, national origin, color, religion, disability, and retaliation for the exercise of the rights it protects, including engaging  in or participating in EEOC protected processes.

48.    Plaintiff is Hispanic.

49.    Plaintiff is Mexican-American.

50.    Plaintiff's color is brown.

51.    Plaintiff's religion is Christian.

52.    Plaintiff is disabled.

53.    Defendant is liable for the retaliation alleged herein including, but not limited to,  paragraphs 1 through 32, which actions all adversely affected the terms and conditions of Plaintiff's employment in violation of the Rehabilitation Act.

54.    Defendant is also liable for subjecting Mr. Verdugo to a hostile work environment, disparate treatment, and disparate impact in retaliation for the exercise of rights

protected under this Section.

55.     As a direct and proximate result of Defendant's unlawful and retaliatory acts in violation  of Title VII of the Civil Rights Act, Plaintiff, Mr. Verdugo has been damaged. Such damages  include, but are not limited to loss of pay; loss of benefits; past and future medical costs and  expenses; payment of attorneys' fees and legal costs; loss of career and professional opportunities;  harm  to  professional  reputation;  and  humiliation,  anxiety,  degradation, embarrassment, and severe emotional distress. Plaintiff will continue in the future to suffer the same damages absent relief from this Court.

56.     Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Plaintiff  prays for relief as set forth below.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Mr. Verdugo respectfully requests that the Court enter judgment in his favor and  award him the following relief:

a)      An Order declaring that Defendant violated Mr. Verdugo's rights under the Rehabilitation  Act of 1973, 29 U.S.C. § 794(a), and restraining and enjoining Defendant from further  violations;

b)      Award Plaintiff back pay for lost wages and benefits and prejudgment interest thereon.

c)      Compensatory damages in an amount to be determined at trial to compensate Mr. Verdugo   for the physical and emotional pain, embarrassment, humiliation, mental anguish, medical costs, future  medical costs, inconvenience, career loss, loss of professional reputation and career   opportunities, and loss of quality of life caused by Defendant's unlawful actions;

d)      Any and all accrued Thrift Savings Plan benefits;

e)      Award Plaintiff his full costs and reasonable attorney's fees; and

f)      Award such further relief as may be deemed just and appropriate.


Dated: May 12, 2025

Respectfully submitted,

/s/Daniel K.R. Maharaj

SOLOMON, MAHARAJ & KASIMATI, PA
5005 West Laurel Street, Ste 216
Tampa, FL 33607
daniel@smkfirm.com
813-565-1201
Bar ID: 252819